Laurel M. Isicoff, Chief United States Bankruptcy Judge
THIS CAUSE came before me on February 14, 2018, on Motion of Toyota Lease Trust ("Toyota") for an Order Confirming the Automatic Stay is not in Effect Pursuant to 11 U.S.C. § 365(p)(2)(B) (ECF # 49) ("Toyota's Motion"). Because of issues that arose between Abraham Abdemur (the "Debtor") and Toyota during the course of crafting what was supposed to be an agreed order, I am now required to resolve whether the safeguards contained within 11 U.S.C. § 524 must be satisfied when a debtor assumes a lease pursuant to subsection 365(p) in order for a debtor's personal liability under the assumed lease to survive the debtor's discharge. Having *169 considered the pleadings,[1] having heard argument of counsel and having considered the applicable case law, for the reasons set forth below, I find that (1) assumption of a lease under subsection 365(p) does not require, indeed does not even contemplate, court approval;[2] (2) the reaffirmation procedures of section 524 do not apply to a lease assumption under subsection 365(p); and (3) if a debtor rejects an assumed lease, whether any personal liability arising from the rejection of the assumed lease is discharged depends on when the rejection occurs. Accordingly, Toyota's Motion is GRANTED.
FACTS[3]
The Debtor filed the instant case on May 31, 2017 (ECF # 1). The Debtor's Schedule A/B lists a 2016 Lexus IS350, Vin No.: JTHBE1D23G5025076 (the "Vehicle"), and the Statement of Intention reflects that the Debtor will retain the Vehicle and enter into a Reaffirmation Agreement. The Debtor leased the Vehicle pursuant to a Motor Vehicle Lease Agreement dated December 28, 2015, between the Debtor and, presumably, Toyota or its predecessor in interest (the "Lease").
The Debtor and Toyota entered into an assumption agreement on or about July 7, 2017, pursuant to which the Debtor assumed the Lease. The assumption agreement was not approved by the Court nor was it placed on the docket at the time of assumption.
At some point, the Debtor determined that he could not maintain his obligations under the Lease and he turned over the Vehicle to Toyota. Sometime after November 24, 2017, the Debtor, through counsel, received a document from Toyota titled Rights of Defaulting Parties-Lease (the "Rights Letter"), dated November 24, 2017. The Rights Letter indicated that the unpaid lease balance on the Vehicle was $36,518.64, with repossession costs of $225.00, and transportation expenses of $179.27, for a total of $36,922.91 (the "in personam liability claim").
On December 27, 2017, the Debtor filed a Notice of Rescission of Lease Assumption (ECF # 47). The Debtor has indicated that he has no objection to an Order confirming that Toyota has in rem stay relief with regard to the Vehicle nor does the Debtor have any objection to the waiver of the 14-day stay, as Toyota is in possession of the Vehicle. However, the Debtor argues that the Debtor has no in personam liability under the Lease because the Debtor did not reaffirm his obligations under the Lease in accordance with subsection 524(c) and thus the in personam liability claim under the Lease will be discharged when the Debtor receives his discharge. Alternatively, the Debtor argues, because he "rescinded assumption" prior to discharge, the in personam liability will be discharged.[4] Toyota argues that assumption *170 included the Debtor's personal liability under the Lease and subsequent rejection or discharge does not alter that in personam liability.
ANALYSIS
Subsection 365(p) was enacted as part of BAPCPA.[5] Prior to BAPCPA, a chapter 7 debtor could not assume a lease of personal property prior to discharge. In fact, the enacting title of subsection 365(p) is "Giving Debtors the Ability to Keep Leased Personal Property by Assumption."[6]
Almost immediately after the passage of BAPCPA, courts faced the issue of whether, in the absence of adherence to the reaffirmation provisions of subsection 524(c), assumption of a lease pursuant to subsection 365(p) creates in personam liability under the assumed lease which in personam liability survives discharge.
There are courts that hold that, in order to avoid discharge of in personam liability for an assumed lease, the lease assumption agreement must conform to the requirements of a reaffirmation agreement under subsection 524(c). See Thompson v. Credit Union Fin. Grp. , 453 B.R. 823, 825 (W.D. Mich. 2011) ("[A] debtor's unapproved assumption under section 365(p) does not eliminate the discharge protection that flows from the Trustee's rejection of the lease. To set aside the discharge protection, a lessor must obtain not only the [d]ebtor's assumption but also Bankruptcy Court approval under the reaffirmation provisions of section 524(c)"); In re Eader , 426 B.R. 164 (Bankr. D. Md. 2010) (holding an individual chapter 7 debtor may assume personal liability for an unexpired lease of personal property, and such assumption does not require any approval by the Bankruptcy Court, but debtor's personal obligation under the assumed lease is subject to discharge, unless the debtor reaffirms his or her indebtedness under the lease in accordance with subsection 524(c) ); and In re Creighton , 427 B.R. 24 (Bankr. D. Mass. 2007) (holding stipulations between a chapter 7 debtor and a lessor under unexpired pre-petition personal property leases, through which the debtor personally assumes these unexpired leases, were in the nature of reaffirmation agreements, such that assumption required compliance, not only with requirements set forth in the newly enacted subsection *171 356(p), but with requirements for reaffirmation agreements as well).
Conversely, other courts have held that lease assumptions and reaffirmation agreements are separate and distinct, and the statutory provisions authorizing each have different procedures and trigger different rights between the parties to the respective agreements. Indeed, these courts have found, not only is court approval unnecessary to assume a lease, but it is inappropriate to seek court approval. Those courts hold that assumption binds the debtor to all of the terms of the lease irrespective of the bankruptcy discharge. See In re Bailly , 522 B.R. 711, 715 (Bankr. M.D. Fla. 2014) ("[A]dditions [made] by BAPCPA addressing a debtor's assumption of a lease further clarify that assuming a lease under subsection 365(p)(2) is totally separate from reaffirming a debt under subsection 524(c)"); In re Perlman , 468 B.R. 437, 441 (Bankr. S.D. Fla. 2012) (holding that the lease assumption process was entirely separate and apart from the reaffirmation agreement process and that the "court plays no role in the lease assumption process"); and In re Mortensen , 444 B.R. 225, 226 (Bankr. E.D. NY. 2011) ("[T]he entry of the [d]ebtor's discharge is not an impediment to the [d]ebtor's assumption of the lease pursuant to section 365(p)").
The answer lies strictly in statutory construction. A court should read statutes "to give effect to each if we can do so while preserving their sense and purpose." Watt v. Alaska , 451 U.S. 259, 267, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981). "[C]ourts shall interpret statutes when possible so as to avoid conflicts between them if such construction is possible and reasonable." In re MMH Automotive Group, LLC , 385 B.R. 347, 364 (Bankr. S.D. Fla. 2008) (quoting Precision Indus., Inc. v. Qualitech Steel SBQ, LLC , 327 F.3d 537, 544 (7th Cir. 2003) ). "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Id.
Subsection 365(p) provides a framework for creditors and debtors to follow should they want to enter into an agreement to assume a lease, while subsection 524(c) details the requirements that must be adhered to in order to obtain a valid and enforceable reaffirmation agreement. The statutes are not ambiguous and they do not contradict one another. Moreover, when reviewing the other statutes relevant to an individual debtor's obligations, it is clear that Congress considered reaffirmation and assumption to be separate procedures. The most significant example of this is 11 U.S.C. § 362(h)(1)(A), also enacted as part of BAPCPA. Subsection 362(h)(1)(A) provides that the stay is terminated with respect to personal property that an individual seeks to retain if the individual fails to timely either redeem the property, enter into a reaffirmation agreement in accordance with subsection 524(c), "or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so". 11 U.S.C. § 362(h)(1).
When considering these other Bankruptcy Code sections, it is clear that assumptions under subsection 365(p) and reaffirmations under section 524 are not interdependent. To hold otherwise would render certain provisions of subsection 365(p) absurd. To accept that in personam liability under an assumed lease requires reaffirmation under subsection 524(c) would mean that, notwithstanding subsection 365(p)(2)(C), which clearly contemplates assumption post-discharge, assumption post-discharge would not be possible, or would be limited to non-recourse assumption, because reaffirmation must occur *172 prior to discharge.[7] The law has always been clear that assumption of a lease is cum onere, meaning that an assumed lease is assumed subject to all of its provisions, including the in personam liabilities flowing from assumption. See In re Mortensen , 444 B.R. at 226 ; In re Bobka, 2017 WL 7798098 (Bankr. S.D. Cal. 2017), aff'd sub nom, Bobka v. Toyota Motor Credit Corp., 2018 WL 2382766 (S.D. Cal. 2018). See also NLRB v. Bildisco & Bildisco , 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) ; In re Shangra-La , 167 F.3d 843 (4th Cir. 1999). There is nothing in subsection 365(p) or in the legislative history to suggest that, in the absence of reaffirmation, the consequences of assumption of a lease by a chapter 7 individual debtor will be treated differently than assumption of a lease by any other debtor. See Laura B. Bartell, Making Assumptions About the Individual Debtor's Right to Assume Under § 365(p)(2) , 85 Am. Bankr. L.J. 265 (2011).
Accordingly, I hold that in personam liability under an assumed lease is not dependent on adherence to the reaffirmation provisions of subsection 524(c).
Thus, once the Debtor assumed the Lease, the Debtor assumed the Lease subject to any personal liability that might arise under its provisions. So, I must decide the impact of the Debtor's rejection of the Lease after assumption.
11 U.S.C. § 365(g), which predated and was not amended by BAPCPA, provides that if a lease "assumed under this section" is subsequently rejected, the date of the deemed breach shall be the date of rejection.[8] A chapter 7 debtor is discharged "from all debts that arose before the date of the order for relief under this chapter...". 11 U.S.C. § 727(b). The order for relief in a voluntary chapter 7 case is the petition date. Consequently, although the Debtor has not yet received his discharge, because the post-assumption rejection occurred post-petition,[9] meaning that *173 the claims arising from the assumed and then rejected lease arose post-petition, the Debtor's in personam liability under the Lease is not discharged.[10]
CONCLUSION
Section 365 of the Bankruptcy Code governs assumption and rejection of leases. Subsection 524(c) of the Bankruptcy Code governs reaffirmations of a debt. There is nothing in the Bankruptcy Code that requires that assumptions under subsection 365(p), as opposed to assumptions under any other subsection of section 365, are qualified somehow by the reaffirmation provisions of subsection 524(c).[11] While this may seem to some contrary to a debtor's fresh start, that result is something that only Congress can remedy. The Bankruptcy Code is not ambiguous; the statutory provisions are clear.
It is therefore ORDERED AS FOLLOWS:
Toyota's Motion is GRANTED, and the additional issue raised by the parties is resolved - Toyota may proceed against the Vehicle and will have the right, subject to the provisions of the Lease and applicable non-bankruptcy law, to seek from the Debtor any remaining amounts due under the Lease.
However, while the discharge does not affect Debtor's in personam liability under the Lease, Toyota may not proceed against the Debtor until after the Debtor has received his discharge, or Toyota seeks stay relief against the Debtor.

Toyota's Motion, Debtor's Response to Toyota's Motion (ECF # 50), Toyota's Reply to Debtor's Response (ECF # 51), and Debtor's Memorandum of Law in Opposition to Toyota's Motion (ECF # 55).

In resolving this issue, I have had to reexamine the procedures I have employed for many years, and will probably direct that in the future these assumption agreements should not be submitted to me for review or approval.

These facts were included in various pleadings filed by the parties including competing orders submitted at the request of the Court. The Court has not made any findings in connection with this Order other than those based on matters on the docket as noted.

The Debtor has not yet received his discharge.

The Bankruptcy Abuse Prevention and Consumer Protection Act.

Subsection 365(p) states:
(1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.
(2) (A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
(B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
(C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.
(3) In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

Prior to the passage of BAPCPA, if a debtor wanted to continue under a car lease not assumed by the chapter 7 trustee, the debtor would have to voluntarily reach out to the car lessor to see if an agreement could be reached, a scenario similar to the procedure set forth in subsection 365(p)(2). The law has always provided that a debtor may voluntarily repay any debt that has been discharged. 11 U.S.C. § 524(f). There is nothing in the Bankruptcy Code or pre-BAPCPA case law that suggests a previously discharged liability under a lease cannot be repaid. Subsection 365(p) appears to provide a statutory framework that does not alter this pre-BAPCPA practice, but rather, as the subsection's enacting title announced, provides debtors the opportunity to assume a lease prior to, as well as after, discharge with a set procedure.

Subsection 365(g) states:
Except as provided in subsections (h)(2) and (i)(2) of this section, the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease-
(1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition; or
(2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title-
(A) if before such rejection the case has not been converted under section 1112, 1208, or 1307 of this title, at the time of such rejection; or
(B) if before such rejection the case has been converted under section 1112, 1208, or 1307 of this title-
(i) immediately before the date of such conversion, if such contract or lease was assumed before such conversion; or
(ii) at the time of such rejection, if such contract or lease was assumed after such conversion.

Although the Debtor "rescinded" the Lease rather than rejected the Lease, I will treat the rescission (a concept that does not apply to assumed leases but only to reaffirmed debts) as a rejection. Surrender of the Vehicle is also, practically, a rejection of the Lease. Surrender or "rescission"-the Debtor has rejected the Lease.

This result is not different than what would occur if the debtor entered into a new auto lease post-petition. If the debtor breached a post-petition auto lease, the personal liability, if any, arising from that breach would not be subject to the debtor's bankruptcy discharge.

I am not ruling today that a lessor is precluded from seeking reaffirmation of liabilities under a car lease, but I do not believe such relief is necessary for the reasons set forth in this opinion.